IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

HECTOR L. HUERTAS,

              Plaintiff.

     v.

FOULKE MANAGEMENT CORP. et al,

              Defendants.

Civil No. 20-5494 (RMB/AMD)

**OPINION**

**BUMB,** UNITED STATES DISTRICT JUDGE:

This matter comes before the Court on *pro se* Plaintiff
Hector Huertas's ("Huertas" or "Plaintiff") Petition to Vacate
an Arbitration Award. [Docket No. 1]. For the reasons described
herein, the Court will deny that petition and dismiss this case.

I.   **BACKGROUND**

This dispute concerns Plaintiff's purchase of a car and his
subsequent non-payment. The Court has previously detailed the
factual background of this dispute in full and will now only
address the most pertinent facts.

In March 2017, Plaintiff filed a Truth in Lending Act case
against several Defendants, including the Defendants in this
action, Foulke Management Corp., Cherry Hill Mitsubishi, and
Cherry Hill Triplex ("Defendants"). See Huertas v. Foulke

Management Corp. et al, Civ. No. 17-1891. In that case,
Plaintiff alleged that he was the victim of deceptive sales
tactics, which included his being pressured into signing a sales
contract, purchasing a vehicle with multiple hidden defects, and
receiving a fraudulent title to that vehicle. [Civ. No. 17-1891,
Docket Nos. 1 and 54]. Thereafter, these Defendants filed a
Motion to Compel Arbitration, pursuant to the vehicle purchase
agreement, which the Court granted. [See Civ. No. 17-1891,
Docket No. 36]. The Court also stayed all claims against these
Defendants pending the Arbitration, and permitted the claims
against the remaining defendants to move forward[1]. [Id.].

     As relevant here, Plaintiff argued in arbitration that (1)
the title issued to him by the New Jersey Motor Vehicle
Commission was not genuine, (2) the Foulke Dealership had not
taken proper title to the vehicle before selling it to him, and
(3) the Foulke Dealership had failed to pay off a lien before
selling the vehicle to him. [See Civ. No. 17-1891, Docket No.
130]. The arbitrator rejected each of these claims in their
entirety. [Id.]. Plaintiff now challenges that arbitration's
outcome and seeks to vacate the arbitrator's award.

---

[1]     In the 17-1891 action, the Court later granted the
remaining Defendants' Motion for Summary Judgment [Civ. No. 17-
1891, Docket No. 130] and denied Plaintiff's Motion for
Reconsideration [Civ. No. 17-1891, Docket No. 137].

## II.  LEGAL STANDARD

The Federal Arbitration Act ("FAA") "explicitly permits the use of arbitration and specifically authorizes individuals in commercial transactions to contract for arbitration." Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003). The FAA "compels judicial enforcement of arbitration agreements in any contract evidencing a transaction involving commerce." Cir. City Stores, Inc. v. Adams, 532 U.S. 105, 105 (2001) (internal quotation marks omitted). Indeed, the FAA reflects the "liberal federal policy favoring arbitration agreements," and "as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24–25, (1983).

A court's review of an arbitration award is "extremely deferential," and it will vacate an award only in "exceedingly narrow circumstances." Sherrock Bros. v. DaimlerChrysler Motors Co., LLC, 260 F. App'x 497, 499 (3d Cir. 2008) (citing Dluhos, 321 F. 3d at 370). The FAA limits vacatur to four circumstances: (1) where the award was procured by corruption, fraud, or undue means; (2) where there is evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence

pertinent and material to the controversy; or of any other

misbehavior by which the rights of any party have been

prejudiced; or (4) where the arbitrators exceeded their powers,

or so imperfectly executed them that a mutual, final, and

definite award upon the subject matter submitted was not made. 9

U.S.C. § 10(a)(1-4). In general, "[a] court's ability to vacate

an arbitration award is almost exclusively limited to these

grounds." Sherrock Bros., 260 F. App'x at 499. In some

circumstances, however, courts may also vacate an award "found

to be in manifest disregard of the law." Id.

**III.  ANALYSIS**

Plaintiff's argument largely relies on an unauthorized,

undisclosed, and unverified audio recording that he made of the

arbitration. [See Docket No. 1]. This recording, Plaintiff

argues, reveals that the arbitrator refused to consider

Plaintiff's positions, ignored relevant law, and exceeded his

authority. In response, Defendants contend that Plaintiff's

petition to vacate was not timely filed and that Plaintiff has

failed to establish corruption or fraud. Instead, Defendants

argue that Plaintiff's only position is that the arbitrator was

wrong, and not that the arbitrator committed reversible error.

Moreover, Defendants further argue that Plaintiff is incorrect

that the arbitrator exceed his authority. Specifically,

Defendants contend that Plaintiff has failed to substantiate his

claims that the arbitrator "disregarded the law in favor or the dealer," and has similarly failed to identify either actual error or error that manifestly disregards the law such as to warrant vacatur. Finally, Defendants request that the Court disregard Plaintiff's recording of the arbitration, as it does not constitute the arbitration record.

Having reviewed the parties' arguments, the Court finds Defendants' arguments persuasive. As an initial matter, however, the Court must first address the issue of Plaintiff's unauthorized recording of the arbitration. Plaintiff has not persuaded the Court that his recording of those proceedings was lawful, much less that the Court can properly consider that evidence[2]. But the Court need not resolve that issue because, even if the Plaintiff's recording is accurate, it does not establish that the arbitrator committed any fraud or other malfeasance.

---

[2]    Plaintiff's recording is not an actual record of the proceedings, and the Court cannot be certain that his recording reflects an accurate, unaltered transcript of the Arbitration. Furthermore, Plaintiff's caselaw citation is unpersuasive. Plaintiff relies on an Opinion in J.M. et al, v. Summit City Board of Education, U.S. District Court for the District of New Jersey, Civ. No 19-159, Docket No. 52, in which the Court considered a voicemail recording in reviewing a Motion to Supplement the Record. That situation is fundamentally different than a party secretly recording an arbitration and attempting to present that recording as a counterstatement to the record.

In addition, even in holding Plaintiff's petition to the less stringent standard applied to *pro se* filings, the Court is unable to identify any grounds in Plaintiff's petition for vacating the arbitration award. The petition clearly establishes that Plaintiff disagrees with the arbitrator's decisions and reasoning. But this disagreement is not grounds to vacate the arbitration. Furthermore, if Plaintiff has identified error, his Petition fails to explain how that error is a "manifest disregard of the law." As other courts have recognized, a manifest disregard of the law "means more than error or misunderstanding with respect to the law. Rather, 'Manifest disregard of the law' encompasses situations in which it is evident from the record that the arbitrator recognized the applicable law, yet chose to ignore it." Jeffrey M. Brown Assocs., Inc. v. Allstar Drywall & Acoustics, Inc., 195 F. Supp. 2d 681, 684 (E.D. Pa. 2002). Plaintiff did not identify a legal error committed by the arbitrator, nor has he established that the arbitrator recognized the applicable law and chose to ignore it. Thus, the Petition does not establish a manifest disregard of the law, and the Court will not vacate the arbitration on these grounds.

Finally, the Court is similarly unable to find any evidence of bias, fraud, an abuse of power, or any other factors that warrant reversal. Plaintiff's argument again is simply that the

arbitrator is wrong. But this is insufficient. As noted above, federal policy favors arbitration and there are "exceedingly narrow circumstances" in which a court will vacate arbitration. See Dluhos, 321 F.3d at 370. Those circumstances are not present here. Accordingly, the Court will not vacate the arbitration award.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Petition to Vacate the Arbitration Award will be denied, and this matter will be dismissed with prejudice. An appropriate Order shall issue on this date.

Dated: March 24, 2021           s/Renée Marie Bumb_____
                                    RENÉE MARIE BUMB
                                    United States District Judge